**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| TIMOTHY ROECKEL, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 1:21-cv-2244 |
| | ) |
| NORTHSTAR LOCATION SERVICES, LLC, | ) |
| | ) |
|     Defendant. | ) |

**PLAINTIFF'S COMPLAINT**

Plaintiff, TIMOTHY ROECKEL ("Plaintiff"), through his attorney, AGRUSS LAW FIRM, LLC, alleges the following against Defendant, NORTHSTAR LOCATION SERVICES, LLC ("Defendant"):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. §1692k (FDCPA).

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff is a natural person residing in the City of Aurora, Arapahoe County, State of Colorado.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. §1692a(3).

7. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. §1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. §1692a(6).

9. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a collection agency with a principal place of business located in the City of Cheektowaga, Erie County, State of New York.

11. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

12. When an unpaid, outstanding account is placed with Defendant it is assigned a reference number.

13. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

14. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

15. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

16. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

17. Defendant is attempting to collect a consumer debt from Plaintiff originating with Ally Financial.

18. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

19. Plaintiff does not owe the alleged debt that Defendant seeks to collect.

20. On or about June 9, 2021, Plaintiff received a letter from Defendant in an attempt to collect the alleged debt.

21. On or about June 9, 2021, Plaintiff called Defendant and spoke with one of Defendant's representatives.

22. During the above-mentioned conversation:

    a. Defendant's collector attempted to collect the alleged debt from Plaintiff.

    b. Plaintiff orally disputed owing the alleged debt.

    c. Plaintiff explained to Defendant's collector that the alleged debt was resolved.

    d. Despite the foregoing, Defendant's collector continued to assert that Plaintiff owes the alleged debt.

23. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

24. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

25. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Defendant engaged in engaged in, at least, the following discrete violations of § 1692e;

    b. Defendant violated § 1692e(2)(A) of the FDCPA by falsely representing the character, amount of legal status of any debt, when Defendant falsely represented that Plaintiff owes an alleged debt;

    c. Defendant violated § 1692e(10) of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Defendant attempted to collect a debt not owed by Plaintiff and when Defendant's collector falsely represented that Plaintiff owes an alleged debt despite Plaintiff orally disputing the alleged debt;

    d. Defendant violated § 1692g(b) of the FDCPA by engaging in collection activities that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt, when Defendant's collector disregarded Plaintiff's oral dispute and continued to attempt to collect the alleged debt from Plaintiff; and

    e. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt, when Defendant engaged in all of the foregoing misconduct.

WHEREFORE, Plaintiff, TIMOTHY ROECKEL, respectfully requests judgment be entered against Defendant, NORTHSTAR LOCATION SERVICES, LLC, for the following:

26. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, § 15 U.S.C. 1692k;

27. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, § 15 U.S.C. 1692k; and

28. Any other relief that this Honorable Court deems appropriate.

                              RESPECTFULLY SUBMITTED,

August 18, 2021                 By: /s/ Taylor L. Kosla
                                          Taylor L. Kosla
                                          IL SBN: 6327180
                                          Agruss Law Firm, LLC
                                          4809 N. Ravenswood Ave.
                                          Suite 419
                                          Chicago, IL 60640
                                          Tel: 312-224-4695
                                          Fax: 312-253-4451
                                          taylor@agrusslawfirm.com
                                          Attorney for Plaintiff